IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01677-MSK-BNB

ROGER LORD,

        Plaintiff,

v.

JASON ERFLING, and
ALPINE SHOP, LTD.,

        Defendants.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

THIS MATTER comes before the Court on the Plaintiff's Motion for Partial Summary Judgment **(#41)** and supporting brief **(#42)**, to which the Defendants responded **(#43)**. The Plaintiff moves **(#44)** for leave to file a reply one day late, and has tendered a reply brief **(#45)**. The Defendants oppose **(#47)** any extension of time, and the Plaintiff replied **(#48)** in support of his request. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Plaintiff invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

The Plaintiff, Roger Lord, commenced this tort action against Defendants Jason Erfling and the Alpine Shop, Ltd., for injuries he allegedly sustained while snowboarding at the Copper

Mountain Ski Resort.  Mr. Lord alleges that he fell while snowboarding down a beginner's slope, and that while he was placing his foot back into his binding, Mr. Erfling collided with him from uphill. Mr. Lord also alleges that at the time of the collision, Mr. Erfling was testing a snowboard for his employer, the Alpine Shop.

Mr. Lord asserts two causes of action.  The first is a claim against Mr. Erfling for negligence.  The second is a claim against the Alpine Shop for liability under the doctrine of *respondeat superior.*

Mr. Lord now moves for partial summary judgment on the "issue" of negligence.  The Defendants oppose this motion.

### III.  Issue Presented

The issue presented is whether the Court should enter a partial judgment on the issue of negligence.

### IV.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

To aid in the determination of summary judgment motions, this Court has adopted several practice standards. First, the Court has specified the format that summary judgment motions should take. *See* MSK Civ. Practice Standard V.H.3.b. When a party bearing the burden of proof moves for summary judgment, the party should (a) identify itself as having the burden of

proof; (b) identify each element of the claim or defense that must be proved; and (c) for each identified element, also identify the material, undisputed, or admitted facts that prove such element and their pinpoint location in the submitted record.  The party responding to the motion is to use a similar format.  If the motion seeks partial summary judgment, the movant should explain why partial judgment is appropriate, *i.e.*, that a resulting judgment can be certified in accordance with Rule 54(b), or that the granting of the motion will significantly reduce the scope of evidence to be presented at trial.

## V.  Material Undisputed Facts

Based upon the evidence presented by the parties, which the Court construes most favorably to the non-moving parties, the Court finds for purposes of this motion that:

1.      Mr. Lord and Mr. Erfling were snowboarding at the Copper Mountain Ski Resort on the same day.

2.      While snowboarding on the Liberty Run, Mr. Lord fell down and his foot popped out of his binding.  He sat down below the headwall so that he could reattach his binding.

3.      Mr. Lord was sitting for approximately one to two minutes, when he was hit from behind by Mr. Erfling.

4.      Under the skier's responsbility code, a skier is instructed not to stop in a location where he or she is not visible to uphill skiers.

The evidence is in conflict as to whether Mr. Lord was sitting in a blind spot where he could not be seen by uphill skiers.  Mr. Lord testified during his deposition that he was sitting in a blind spot, but also testified that he believed uphill skiers could see him.

The evidence is also in conflict as to whether Mr. Lord was injured in the collision.  Mr.

Lord presented evidence that he sustained back injuries during the collision, the Defendants presented evidence that Mr. Lord was suffering from degenerative disc disease before the collision occurred but these are not material to the issue presented.

## VI.  Analysis

Mr. Lord moves for partial summary judgment on the "issue" of negligence.[1]  It appears from his motion that he seeks a determination on the issue of liability, and to reserve the issue of damages for trial.  However, it is not clear from his motion how partial judgment of any kind can enter.  His motion is not tied to a particular claim for relief against a particular party.  Because he has not complied with MSK Civ. Practice Standard V.H.3.b, the Court cannot tell whether a ruling in Mr. Lord's favor would result in a judgment that could be certified under Rule 54(b), or whether it would reduce the evidence to be presented at trial.

Setting these deficiencies aside, for the moment, the Court considers whether the Defendants' liability is clear-cut based upon the evidence presented.  Mr. Lord's evidence shows that Mr. Erfling collided with him from uphill.[2]  Mr. Lord's contention appears to be that this is all that is needed to establish negligence.  For this, he relies upon §§ 33-44-104 and -109, C.R.S.

Under § 33-44-104(1), C.R.S., a violation of Title 33, Article 44 "shall, to the extent such violation causes injury to any person or damage to property, constitute negligence on the part of the person violating such requirement."  Under § 33-44-109(2), C.R.S. "Each skier has the duty

---

[1] Although untimely filed, and arguably without a showing of excusable neglect, the Court has nevertheless considered Mr. Lord's reply brief.

[2] The Court notes that Mr. Lord has presented very little evidence in support of his motion, which suggests that the amount of evidence to be presented at trial would not be significantly reduced by a dispositive ruling.  Arguably, the details of the collision would need to be presented at trial for the jury to determine whether Mr. Lord was actually injured during the collision, and if so, how badly.

5

to maintain control of his speed and course at all times when skiing and to maintain a proper

lookout so as to be able to avoid other skiers and objects.  However, the primary duty shall be on

the person skiing downhill to avoid collision with any person or objects below him."  Under these

statutes, when an uphill skier collides with a downhill skier, there is a rebuttable presumption of

liability.  *See Ulissey v. Shvartsman,* 61 F.3d 805 (10th Cir. 1995) (citing *Pizza v. Wolf Creek Ski*

*Dev. Corp.,* 711 P.2d 671, 679 (Colo.1985)).  However, even when the uphill skier is found to be

liable, a jury is required to determine the comparative negligence of the downhill skier.  *Id.*

There is a material factual dispute as to where Mr. Lord was sitting and whether it created

a blind spot.  Therefore a trial is required.

**IT IS THEREFORE ORDERED** that:

(1)     The Plaintiff's motion **(#44)** for an extension of time to file his reply brief is

**GRANTED**.

(2)     The Plaintiff's Motion for Partial Summary Judgment **(#41)** is **DENIED**.

Dated this 5th day of October, 2007

BY THE COURT:

Marcia S. Krieger
United States District Judge