IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01677-MSK-BNB

ROGER LORD,

    Plaintiff,

v.

JASON ERFLING, and
ALPINE SHOP, LTD.,

    Defendants.

---

# ORDER DENYING MOTION FOR LEAVE TO FILE UNTIMELY RULE 702 MOTION

---

THIS MATTER comes before the Court on the Defendants' Request for Leave to File Rule 702 Motion **(#56)** filed December 20, 2007. Although no response has been filed, the Motion represents that the parties have conferred and that the Plaintiff will oppose the motion. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

More than one year ago, the Court issued a Trial Setting Order **(#17)** on October 18, 2006 which set March 15, 2007 as the deadline for filing Rule 702 motions. The same Order explains that the deadline for filing Rule 702 motions is the same as that for filing dispositive motions, and "[t]he Magistrate Judge may extend this deadline, but shall not extend it beyond 120 days prior to the final pretrial conference." This ensures that Rule 702 objections can be made and determined sufficiently in advance of trial, without inconveniencing jurors and unnecessarily prolonging the trial, and possibly in advance of any Final Pretrial Conference or issuance of a

Final Pretrial Order.

Because of its importance, the deadline for filing a Rule 702 motion is prominently placed in bold print in the first section of the Trial Setting Order – it is the first of three deadlines, the other two being the dates for the Final Pretrial Conference and the trial.

Upon the parties' stipulated motions, the Magistrate Judge reset the dispositive motions deadline to July 1, 2007 **(#21),** and subsequently reset it a second time to August 6, 2007 **(#32).** This had the effect of extending the deadline for filing Rule 702 motions. On the August 6 deadline, the parties filed no Rule 702 motions and did not request further extension of the deadline.

A few days before the Final Pretrial Conference held December 13, 2007, the parties tendered a proposed final pretrial order. In the section of the proposed order entitled "pending motions," the parties agreed that there were no pending motions, but they stated:

> Plaintiff reserves the right to file motions in limine. Defendants anticipate filing motions in limine, seeking to exclude evidence of Plaintiff's speculative wage loss claim, to exclude testimony regarding hedonic damages, to exclude testimony of Plaintiff's experts relative to Jason Erfling's alleged violation of the Ski Safety Act, and to exclude testimony regarding disability rating.

At the Final Pretrial Conference, the Court asked the parties what motions *in limine* they intend to file. Counsel for the Plaintiff responded: "I can't . . . envision any at this point. . . . [E]ven under your Honor's procedures and rules for 702 motions, we're certainly well beyond the deadline for that[.]" Counsel for the Defendants responded that the only issue it planned to raise in an *in limine* motion was a Fed. R. Evid. 403 issue pertaining to hedonic damages. The Court advised that such issue could be raised at trial. Thus, the Court amended the "pending motions"

section of the Final Pretrial Order to provide: "No motions in limine will be filed. Evidentiary objections will be raised at trial."

A 5-day jury trial is now set to begin on January 14, 2008.[1] The parties' witness list estimates 71 hours of testimony, although the Court has advised the parties that in a 5-day trial, there will only be time for approximately 20 hours of evidentiary presentation.

The Defendants now seek leave to file an untimely Rule 702 motion. They state that "when this matter was calendared, Rule 702 Motions were inadvertently omitted from the calendaring." They also assert that "[i]n beginning to prepare for trial it has become apparent that" two of the Plaintiff's experts will offer opinions which they are not qualified to give. They seek a Rule 702 determination in advance of the trial, or alternatively, the opportunity to examine the Plaintiff's experts as to their qualifications at trial.

The Court treats the instant motion as one for extension of time under Fed. R. Civ. P. 6(b)(1)(B), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Inadvertence does not constitute excusable neglect. *Quigley v. Rosenthal,* 427 F.3d 1232, 1238 (10th Cir. 2005).

The Defendants' inadvertent failure to calendar the Rule 702 motion deadlines set by written Orders of the Court, and their failure to become aware of the need for any such a motion until preparing for trial, do not amount to excusable neglect justifying an extension of the Rule 702 motion deadline. In addition, there will be no time available during the trial week to address

---

[1] The trial was previously set for March 10, 2008, but such trial date was vacated and later reset at the Final Pretrial Conference. However, the resetting of the trial is impertinent to the issue now before the Court.

issues under Rule 702.  There also is insufficient time before the scheduled trial date for a Rule 702 hearing.  If the Court were to allow the Defendants to raise Rule 702 objections at this juncture, it would substantially delay resolution of this matter.

Thus, because no Rule 702 motions were timely filed, the Court deems all Rule 702 objections to be waived.  *See Questar Pipeline Co. v. Grynberg,* 201 F.3d 1277, 1289-90 (10th Cir. 2000).  However, such waiver does not preclude the parties from making other objections to any expert's testimony at trial under any other Rule of Evidence or Procedure.

**IT IS THEREFORE ORDERED** that the Defendants' Request for Leave to File Rule 702 Motion **(#56)** is **DENIED**.

Dated this 21st day of December, 2007

                                           **BY THE COURT:**

                                           Marcia S. Krieger
                                           United States District Judge